UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY J. AUSTIN on behalf of her minor child SHAMIR WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | No. 07-CV-06919 |
| vs. | ) ) | Honorable Rebecca R. Pallmeyer |
| GLORIA GOODWIN, CHICAGO BOARD OF EDUCATION | ) ) ) ) | |
| Defendants | ) | |

**PLAINTIFFS' FIRST AMENDED COMPLAINT**

Now come Plaintiffs, Shamir Williams ("Williams"), a minor, by his mother and next friend, Dorothy Austin ("Austin"), by and through their attorneys, and complaining of the defendants, Gloria Goodwin ("Goodwin"), individually and in her official capacity as an employee of the Chicago Board of Education ("Board"), and the Board, states as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §§ 1983, 1988, and 2000e.

2.  Venue is proper under 28 U.S.C. § 1391 because the Defendants reside or are located in the Northern District of Illinois and Plaintiffs reside in the Northern District of Illinois, and the alleged acts and damages occurred in the Northern District of Illinois.

**PARTIES**

3.  Plaintiff Shamir Williams is a minor, age eight (8), and resides in Chicago, Illinois. At all times relevant to the complaint, Plaintiff Williams was a student at Niños Héroes Elementary School, 8344 South Commercial Avenue, Chicago, Illinois 60617, and/or its branch, South Chicago Community Area Elementary School, 8255 South Houston Avenue, Chicago, Illinois 60617 (for simplicity, both will be referred to as "Niños Héroes").

4.	At all times relevant to the complaint, Williams resided with his mother, Plaintiff Dorothy Austin.

5.	Defendant Board is a school board duly organized and existing under the laws of the State of Illinois.

6.	Defendant Goodwin was at all times relevant to the complaint lawfully employed by the Board as a teacher and assigned to teach at Niños Héroes. At all times relevant to the complaint, Goodwin had direct supervision over plaintiff as a teacher and was acting within the scope of her aforesaid employment.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

7.	Beginning in September 2005, Williams was enrolled as a kindergarten student at Niños Héroes, where Goodwin was employed as a teacher.

8.	Shortly after starting school in September 2005, Williams was physically struck, illegally and without provocation, by a school teacher employed by the Board.

9.	Austin, concerned about the safety of her minor son, reported this incident of physical assault to supervisors at Niños Héroes and the Board. Austin also brought the matter to the police to investigate the abuse that had occurred.

10.	After Austin reported the incident, Williams was transferred to Goodwin's kindergarten class.

11.	In October 2005, while attending Goodwin's class, Williams again was physically injured, illegally and without provocation, by a teacher's assistant in Goodwin's class, employed by the Board.

12.	Austin again reported the assault to supervisors at Niños Héroes, the Board, and the police.

13.	Officials at Niños Héroes and the Board, who were responsible for maintaining a safe learning environment for the children enrolled at the school, did not adequately investigate the allegations of physical abuse made by Austin and failed to exercise reasonable care in supervising certain teachers at Niños Héroes. In failing to take measures necessary to prevent future physical attacks on Williams, Niños Héroes officials and the Board acted with willful and wanton disregard for the safety of Williams.

14.	Out of concern for Williams's safety, Austin made repeated requests, including on or about February 22, 2006, that the Board allow Williams to transfer to a different school. The Board rejected those requests.

15.	Goodwin owed a special duty to Plaintiff Williams because of Williams' status as

a minor student enrolled at Niños Héroes and because Goodwin had direct supervision of Plaintiff as the teacher of the class Plaintiff was attending.

16. On or about February 22, 2006, Defendant Goodwin, illegally and without provocation, physically struck Williams on the arm and repeatedly on the head, causing injury.

17. Goodwin's actions were intentional, willful and wanton.

18. At the time of the assault, Williams did not pose a threat to Goodwin. At that time, Goodwin was not acting in self-defense.

19. As a result of Goodwin's assault, Plaintiff injured his head and arm and was caused to suffer pain.

20. As a direct and proximate result of Goodwin's and the Board's willful and wanton action, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

21. Austin reported the September 2005, October 2005, and February 22, 2006 incidents to the Board.

22. Despite these reports, the Board failed to properly discipline Goodwin or any other employee who had injured Williams.

23. Austin reported the incidents to the Chicago Police Department.

## COUNT I
## VIOLATIONS OF 42 U.S.C. § 1983
### (Defendants Goodwin and the Board)

24. Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

25. At all times relevant herein, Plaintiff Williams had a clearly established constitutional right to bodily integrity and physical safety under the Due Process Clause of the Fourteenth Amendment. Any reasonable person, let alone a reasonable public school teacher, would have been aware of Williams' constitutional rights.

26. Goodwin, acting under color of law and within the scope of her employment, knowingly, willfully and wantonly deprived Williams of constitutional rights and caused him injuries as a direct and proximate result.

27. The conduct described in this Count shocks the conscience, was objectively

3

unreasonable, and was undertaken maliciously, intentionally, and with willful indifference to Williams's constitutional rights.

28. Prior to Goodwin's assault, the Board was aware of prior incidents of assault upon Williams. Pursuant to a permanent and widespread practice, the Board failed to adequately train, supervise and control its employees, showing deliberate indifference to their acts of abuse and the consequences for Williams; failed to investigate those incidents; and further failed to take any steps to ensure that future physical assaults upon Williams would not occur.

29. After Goodwin's assault, pursuant to the same permanent and widespread practice, the Board likewise failed to train, supervise, or control its employees, investigate the incident, discipline Goodwin, or otherwise take steps to prevent future attacks on Williams.

30. Upon information and belief, the Board's practice of condoning the attacks on Williams and failing to supervise and/or discipline its teachers resulted in further attacks on Williams depriving him of his constitutional Due Process rights.

31. As a direct and proximate result of the Board's willful and wanton actions and inactions, Williams was deprived of his constitutional rights and suffered injuries.

32. Prior to and after Williams suffering the injuries complained of herein, the Board ignored Austin's complaints regarding inappropriate conduct by Plaintiff's teachers.

33. The Board has a duty to operate in accordance with federal, state, and local laws.

34. In violation of that duty, the Board and Goodwin, acting under color of state and local law, intentionally, knowingly, unlawfully and unconscionably engaged in acts to deny and deprive the Plaintiff's rights under the Constitution and laws of the United States.

35. As a direct and proximate result of the Board's and Goodwin's actions, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

36. Goodwin's conduct was committed intentionally, with actual malice and with wanton disregard of Williams' rights.

**COUNT II**
**ASSAULT**
**(Defendant Goodwin)**

37. Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

38. As set forth more fully above, the conduct of Defendant Goodwin created a

reasonable apprehension in Williams of imminent bodily harm and unauthorized physical contact, undertaken willfully and wantonly, proximately causing Williams's injuries.

39. As a direct and proximate result of Goodwin's actions, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

40. Goodwin's conduct shocks the conscience, was objectively unreasonable, and was committed intentionally, with actual malice and with wanton disregard of Williams' rights.

41. The misconduct described in this Count was undertaken by Goodwin within the scope of her employment such that her employer, the Board, is liable for her actions.

## COUNT III
## BATTERY
**(Defendant Goodwin)**

42. Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

43. As set forth more fully above, the conduct of Defendant Goodwin constituted unauthorized, unjustified, and offensive physical contact, undertaken willfully and wantonly, proximately causing Williams's bodily injuries.

44. As a direct and proximate result of Goodwin's actions, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

45. Goodwin's conduct shocks the conscience, was objectively unreasonable, and was committed intentionally, with actual malice and with wanton disregard of Williams' rights.

46. The misconduct described in this Count was undertaken by Goodwin within the scope of her employment such that her employer, the Board, is liable for her actions.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
**(Defendant Goodwin)**

47. Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

48. As set forth more fully above, Defendant Goodwin committed intentional infliction of emotional distress against Plaintiff Williams and placed Williams in fear of imminent bodily harm and severe emotional distress by physically striking Williams repeatedly on the head and arm and otherwise undertaking actions to commit assault and battery against Williams.

49. Goodwin's conduct was extreme and outrageous.

50. As a result of Goodwin's intentional and unlawful acts, Goodwin willfully, maliciously, outrageously, deliberately, knowingly, and intentionally inflicted emotional distress upon Plaintiff Williams with reckless disregard of the probability of causing Williams emotional distress.

51. Goodwin's acts did in fact result, and continue to result, in severe and extreme emotional distress and caused the inability of Williams to attend school normally without the fear of being harmed by Goodwin or other teachers.

## COUNT V
## WILLFUL AND WANTON MISCONDUCT
### (The Board)

52. Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

53. At all relevant times, Goodwin, who committed the tortious conduct that injured Plaintiff Williams described more fully above, was employed by the Board as a teacher.

54. At all times relevant, Williams's injuries occurred while he was under the direct and immediate control of either Goodwin or other employees of the Board.

55. At all times relevant, the Board had a duty to adequately train, supervise, and control its employees to prevent unjustified physical assaults, a duty to investigate reports of such assaults, and a duty to exercise reasonable care in retaining teachers to ensure students' safety.

56. Prior to Goodwin's assault, the Board was aware of previous incidents of assault upon Williams through Austin's complaints of inappropriate conduct by Williams's teachers.

57. The Board, by and through its duly authorized agents and employees, with an utter indifference and conscious disregard for the safety of Williams, was willful and wanton in one or more of the following respects:

    a. Failed to adequately train, supervise and control its employees to prevent assaults upon Williams, despite its knowledge of prior assaults on him;

    b. Failed to investigate the assaults Goodwin and other employees who injured Plaintiff Williams to ensure that they were competent to teach students and provide a safe and nurturing atmosphere for the students, despite multiple reports by Austin;

      c.      Failed to discipline Goodwin and other responsible employees;

      d.      Failed to take any steps to ensure that future physical assaults upon Williams would not occur.

58.    Notwithstanding Austin's report to the Board, the Board intentionally ignored the tortious conduct that was committed by Goodwin and other Board employees, as described more fully above, when the Board failed to warn, suspend, or otherwise discipline Goodwin or other Board employees who had injured Plaintiff Williams pursuant to the Chicago Public Schools Employee Discipline and Due Process Policy.

59.    The Board failed to investigate Goodwin and other employees who injured Plaintiff Williams to ensure that they were competent to teach students and provide a safe and nurturing atmosphere for the students.

60.    As a result of the Board's failure, Goodwin was allowed to willfully and unlawfully issue corporal punishment upon Plaintiff Williams.

61.    The Board breached its duty to provide Plaintiff Williams with competent teachers when Board refused to discipline Goodwin and/or remove Goodwin from Niños Héroes for her improper administration of corporal punishment upon Plaintiff.

62.    As a result of the Board's failure to exercise reasonable care, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers.  Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

WHEREFORE, Plaintiffs Shamir Williams and Dorothy Austin respectfully request that this Court enter judgment against Defendants and in favor of Plaintiffs for:

      a.      Compensatory damages in an amount to be determined at trial;

      b.      Punitive damages in an amount to be determined at trial;

      c.      Attorneys fees and costs to the extent allowable by law;

      d.      Pre-judgment interest to the extent allowable by law;

      e.      All such other and further relief that the Court deems just and appropriate

PLAINTIFFS DEMAND TRIAL BY JURY FOR ALL COUNTS SO TRIABLE.

February 22, 2008　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　Dorothy Austin on behalf of Shamir Williams

　　　　　　　　　　　　　　　　　　　　/sMartha Pacold
　　　　　　　　　　　　　　　　　　By:  Their Attorneys
　　　　　　　　　　　　　　　　　　Tarek Ismail
　　　　　　　　　　　　　　　　　　Martha Pacold
　　　　　　　　　　　　　　　　　　BARTLIT BECK HERMAN
　　　　　　　　　　　　　　　　　　　　PALENCHAR & SCOTT LLP
　　　　　　　　　　　　　　　　　　54 West Hubbard, Suite 300
　　　　　　　　　　　　　　　　　　Chicago, Illinois 60610
　　　　　　　　　　　　　　　　　　Telephone:    (312) 494-4400
　　　　　　　　　　　　　　　　　　Facsimile:    (312) 494-4440