## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY J. AUSTIN on behalf of her minor child SHAMIR WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07 C 6919 |
| GLORIA GOODWIN, CHICAGO BOARD OF EDUCATION, | ) ) | Judge Pallmeyer |
| Defendants. | ) ) | |

### DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants, Board of Education of the City of Chicago ("Board") and Gloria Goodwin ("Goodwin") by their attorneys, General Counsel Patrick J. Rocks and Assistant General Counsel Sunil Kumar, hereby submit their affirmative defenses and answers to Plaintiff's Complaint.

### AFFIRMATIVE DEFENSES

#### First Defense

Defendants are immune from liability pursuant to one or more of the following provisions of the Illinois Tort Immunity Act:

a)      745 ILCS 10/2-102;

b)      745 ILCS 10/2-103;

c)      745 ILCS 10/2-109;

d)      745 ILCS 10/2-201;

Goodwin's actions were discretionary, policy decisions that were taken in the best interests of the student, the school, and the Board - upon weighing the different interests at stake.

### Second Defense

Goodwin is qualifiedly immune from liability. As a government official, Goodwin performed discretionary functions. At all times material to the Complaint, a reasonable government official objectively viewing the facts and circumstances that Goodwin encountered would have believed her actions to be lawful and not in violation of any clearly established law.

### Third Defense

The Board, as a public entity, is immune from liability for punitive damages on the Section 1983 claim. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S.Ct. 2748 (1981); *Planned Parenthood Association v. Chicago Transit Authority*, 767 F.2d 1225, 1233-34 (7th Cir. 1985).

### JURISDICTION AND VENUE

1.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, the Fourteenth Amendment to the Constitution of the United States, and 42 U.S.C. §§ 1983, 1988, and 2000e.

**ANSWER:**   Admitted.

2.     Venue is proper under 28 U.S.C. § 1391 because the Defendants reside or are located in the Northern District of Illinois and Plaintiffs reside in the Northern District of Illinois, and the alleged acts and damages occurred in the Northern District of Illinois.

**ANSWER:**  Defendants admit that venue is proper but deny all allegations of liability and damages.

## PARTIES

3.     Plaintiff Shamir Williams is a minor, age eight (8), and resides in Chicago, Illinois. At all times relevant to the complaint, Plaintiff Williams was a student at Ninos Heroes Elementary School, 8344 South Commercial Avenue, Chicago, Illinois 60617, and/or its branch, South Chicago Community Area Elementary School, 8255 South Houston Avenue, Chicago, Illinois 60617 (for simplicity, both will be referred to as "Ninos Heroes").

**ANSWER:**  Admitted.

4.     At all times relevant to the complaint, Williams resided with his mother, Plaintiff Dorothy Austin.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4.

5.     Defendant Board is a school board duly organized and existing under the laws of the State of Illinois.

**ANSWER:**  Admitted.

6.     Defendant Goodwin was at all times relevant to the complaint lawfully employed by the Board as a teacher and assigned to teach at Ninos Heroes. At all times relevant to the complaint, Goodwin had direct supervision over plaintiff as a teacher and was acting within the scope of her aforesaid employment.

**ANSWER:**  Defendants deny that Goodwin had direct supervision over Plaintiff at all times relevant to the Complaint.  Defendants admit the remaining allegations of paragraph 6.

## FACTUAL BACKGROUND COMMON TO ALL COUNTS

7.    Beginning in September 2005, Williams was enrolled as a kindergarten student at Ninos Heroes, where Goodwin was employed as a teacher.

**ANSWER:**  Admitted.

8.    Shortly after starting school in September 2005, Williams was physically struck, illegally and without provocation, by a school teacher employed by the Board.

**ANSWER:**  Denied.

9.    Austin, concerned about the safety of her minor son, reported this incident of physical assault to supervisors at Ninos Heroes and the Board. Austin also brought the matter to the police to investigate the abuse that had occurred.

**ANSWER:**  Defendants admit that Plaintiff alleged that her son had been assaulted.

Defendants are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations of paragraph 9.

10.    After Austin reported the incident, Williams was transferred to Goodwin's kindergarten class.

**ANSWER:**  Defendants admit that Williams' transfer occurred subsequent to his

allegation of abuse.  Defendants deny the remaining allegations of paragraph 10.

11.    In October 2005, while attending Goodwin's class, Williams again was physically injured, illegally and without provocation, by a teacher's assistant in Goodwin's class, employed by the Board.

**ANSWER:**  Denied.

12.    Austin again reported the assault to supervisors at Ninos Heroes, the Board, and the police.

**ANSWER:**    Defendants admitted that Austin alleged that an assault had occurred

but deny the remaining allegations of paragraph 12.

13.    Officials at Ninos Heroes and the Board, who were responsible for maintaining a safe leaning environment for the children enrolled at the school, did not adequately investigate the allegations of physical abuse made by Austin and failed to exercise reasonable care in supervising certain teachers at Ninos Heroes. In failing to take measures necessary to prevent future physical attacks on Williams, Ninos Heroes officials and the Board acted with willful and wanton disregard for the safety of Williams.

**ANSWER:**    Denied.


14.    Out of concern for Williams's safety, Austin made repeated requests, including on or about February 22, 2006, that the Board allow Williams to transfer to a different school. The Board rejected those requests.

**ANSWER:**    Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 14.


15.    Goodwin owed a special duty to Plaintiff Williams because of Williams' status as a minor student enrolled at Ninos Heroes and because Goodwin had direct supervision of Plaintiff as the teacher of the class Plaintiff was attending.

**ANSWER:**    Defendants admit that by virtue of Goodwin's teacher-student relationship

with Williams, she owed certain duties towards him as defined by law.  Defendants

deny the remaining allegations of paragraph 15.


16.    On or about February 22, 2006, Defendant Goodwin, illegally and without provocation, physically struck Williams on the arm and repeatedly on the head, causing injury.

**ANSWER:**    Denied.


17.    Goodwin's actions were intentional, willful and wanton.

**ANSWER:**  Denied.


18.    At the time of the assault, Williams did not pose a threat to Goodwin. At that time, Goodwin was not acting in self-defense.

**ANSWER:**  Denied.


19.    As a result of Goodwin's assault, Plaintiff injured his head and arm and was caused to suffer pain.

**ANSWER:**  Denied.


20.    As a direct and proximate result of Goodwin's and the Board's willful and wanton action, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

**ANSWER:**  Denied.


21.    Austin reported the September 2005, October 2005, and February 22, 2006 incidents to the Board.

**ANSWER:**  Defendants admit that Plaintiff made allegations regarding alleged

incidents to the Board in April 2006.  Defendants deny the remaining allegations of

paragraph 21.


22.    Despite these reports, the Board failed to properly discipline Goodwin or any other employee who had injured Williams.

**ANSWER:**  Defendants admit that Goodwin and others were not disciplined, because

none was warranted.  Defendants deny the remaining allegations of paragraph 22.


23.    Austin reported the incidents to the Chicago Police Department.

**ANSWER:**  Defendants are without knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 23.

## COUNT I

### VIOLATION OF 42 U.S.C. § 1983 (Defendant Goodwin and the Board)

24.    Plaintiffs re-allege each of the foregoing paragraphs as if fully stated
herein.

**ANSWER:**  Defendants re-allege their preceding answers as though fully stated herein.


25.    At all times relevant herein, Plaintiff Williams had a clearly established
constitutional right to bodily integrity and physical safety under the Due Process
Clause of the Fourteenth Amendment. Any reasonable person, let alone a reasonable
public school teacher, would have been aware of Williams' constitutional rights.

**ANSWER:**  Defendants admit that the Fourteenth Amendment of the Constitution

grants Plaintiff certain rights, but deny that there was a violation of any clearly

established Constitutional right.  Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.


26.    Goodwin, acting under color of law and within the scope of her
employment, knowingly, willfully and wantonly deprived Williams of constitutional
rights and caused him injuries as a direct and proximate result.

**ANSWER:**  Denied.


27.    The conduct described in this Count shocks the conscience, was
objectively unreasonable, and was undertaking maliciously, intentionally, and with
willful indifference to Williams' constitutional rights.

**ANSWER:**  Denied.


28.    Prior to Goodwin's assault, the Board was aware of prior incidents of
assault upon Williams.  Pursuant to a permanent and widespread practice, the Board

failed to adequately train, supervise and control its employees, showing deliberate indifference to their acts of abuse and the consequences for Williams: failed to investigate those incidents; and further failed to take any steps to ensure that future physical assaults upon Williams would not occur.

**ANSWER:** Denied.

29. After Goodwin's assault, pursuant to the same permanent and widespread practice, the Board likewise failed to train, supervise, or control its employees, investigate the incident, discipline Goodwin, or otherwise take steps to prevent future attacks on Williams.

**ANSWER:** Denied.

30. Upon information and belief, the Board practice of condoning the attacks on Williams and failing to supervise and/or discipline its teachers resulted in further attacks on Williams depriving him of his constitutional Due Process rights.

**ANSWER:** Denied.

31. As a direct and proximate result of the Board's willful and wanton actions and inaction, Williams was deprived of his constitutional rights and suffered injuries.

**ANSWER:** Denied.

32. Prior to and after Williams suffered the injuries complained of herein, the Board ignored Austin's complaints regarding inappropriate conduct by Plaintiff's teachers.

**ANSWER:** Denied.

33. The Board has a duty to operate in accordance with federal state and local laws.

**ANSWER:** Admitted.

34. In violation of that duty, the Board and Goodwin, acting under color of

state and local law, intentionally, knowingly, unlawfully and unconscionably engaged in acts to deny and deprive the Plaintiff's rights under the Constitution and laws of the United States.

**ANSWER:** Denied.

35.    As a direct and proximate result of the Board's and Goodwin's actions, Williams has been hospitalized on several occasions; suffered severe injury to his harm and head, extensive pain and suffering, severe emotional distress, fear and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer, adverse physical and emotional effects of Defendants' conduct.

**ANSWER:** Denied.

36.    Goodwin's conduct was committed intentionally, with actual malice and with wanton disregard of Williams' rights.

**ANSWER:** Denied.

## COUNT II

### ASSAULT

### (Defendant Goodwin)

37.    Plaintiff re-alleges each of the following paragraphs as if fully stated herein.

**ANSWER:** Goodwin re-alleges her preceding answers as though fully stated herein.

38.    As set forth fully above, the conduct of Defendant Goodwin created a reasonable apprehension in Williams of imminent bodily harm and unauthorized physical contact, undertaken willfully and wantonly, proximately causing Williams' injuries.

**ANSWER:** Denied.

39.    As a direct and proximate result of Goodwin's actions, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive

pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

**ANSWER:**  Denied.


40.    Goodwin's conduct shocks the conscience, was objectively unreasonable, and was committed intentionally, with actual malice and with wanton disregard of Williams' rights.

**ANSWER:**  Denied.


41.    The misconduct described in this Count was undertaken by Goodwin within the scope of her employment such that her employer, the Board, is liable for her actions.

**ANSWER:**  Denied.


## COUNT III

### BATTERY

### (Defendant Goodwin)


42.    Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

**ANSWER:**  Goodwin re-alleges her preceding answers as if fully stated herein.


43.    As set forth more fully above, the conduct of Defendant Goodwin constituted unauthorized, unjustified, and offensive physical contact, undertaken willfully and wantonly, proximately causing Williams's bodily injuries.

**ANSWER:**  Denied.


44.    As a direct and proximate result of Goodwin's actions, Williams has been hospitalized on several occasions; suffered severe injury to his arm and head, extensive pain and suffering, severe emotional distress, fear, and humiliation; and was unable to attend school normally without the fear of being harmed by Goodwin or other teachers. Williams suffered and continues to suffer adverse physical and emotional

effects of Defendants' conduct.

**ANSWER:**  Denied.

45.    Goodwin's conduct shocks the conscience, was objectively unreasonable, and was committed intentionally, with actual malice and with wanton disregard of Williams' rights.

**ANSWER:**  Denied.

46.    The misconduct described in this Count was undertaken by Goodwin within the scope of her employment such that her employer, the Board, is liable for her actions.

**ANSWER:**  Denied.


## COUNT IV

### INTENTIONAL INFLICATION OF EMOTIONAL DISTRESS

### (Defendant Goodwin)


47.    Plaintiffs re-allege each of the foregoing paragraphs as if fully stated herein.

**ANSWER:**  Goodwin re-alleges her preceding answers as if fully stated herein.

48.    As set forth more fully above, Defendant Goodwin committed intentional infliction of emotional distress against Plaintiff Williams and placed Williams in fear of imminent bodily harm and severe emotional distress by physically striking Williams repeatedly on the head and arm and otherwise undertaking actions to commit assault and battery against Williams.

**ANSWER:**  Denied.

49.    Goodwin's conduct was extreme and outrageous.

**ANSWER:**  Denied.

50.     As a result of Goodwin's intentional and unlawful acts, Goodwin willfully, maliciously, outrageously, deliberately, knowingly, and intentionally inflicted emotional distress upon Plaintiff Williams with reckless disregard of the probability of causing Williams emotional distress.

**ANSWER:**    Denied.

51.     Goodwin's acts did in fact result, and continue to result, in severe and extreme emotional distress and caused the inability of Williams to attend school normally without the fear of being harmed by Goodwin or other teachers.

**ANSWER:**    Denied.

## COUNT V

### WILLFUL AND WANTON MISCONDUCT

### (The Board)

52.     Plaintiffs reallege each of the foregoing paragraphs as if fully stated herein.

**ANSWER:**    The Board re-alleges its answers to the preceding paragraphs as if fully stated herein.

53.     At all relevant times, Goodwin, who committed the tortious conduct that injured Plaintiff Williams described more fully above, was employed by the Board as a teacher.

**ANSWER:**    The Board admits that it employed Goodwin as a teacher at all relevant times.  The Board denies the remaining allegations of paragraph 53.

54.     At all times relevant, Williams's injuries occurred while he was under the direct and immediate control of either Goodwin or other employees of the Board.

**ANSWER:**   Denied.

55.   At all times relevant, the Board had a duty to adequately train, supervise, and control its employees to prevent unjustified physical assaults, a duty to investigate reports of such assaults, and a duty to exercise reasonable care in retaining teachers to ensure students' safety.

**ANSWER:**   Admitted.

56.   Prior to Goodwin's assault, the Board was aware of previous incidents of assault upon Williams through Austin's complaints of inappropriate conduct by Williams's teachers.

**ANSWER:**   The Board admits that prior to the alleged assault in 2006, Austin made

allegations against other persons employed at Ninos Heroes.  The Board denies the

remaining allegations of paragraph 56.

57.   The Board, by and through its duly authorized agents and employees, with an utter indifference and conscious disregard for the safety of Williams, was willful and wanton in one or more of the following respects:

    a.   Failed to adequately train, supervise and control its employees to prevent assaults upon Williams," despite its knowledge of prior assaults on him;

    b.   Failed to investigate the assaults Goodwin and other employees who injured Plaintiff Williams to ensure that they were competent to teach students and provide a safe and nurturing atmosphere for the students, despite multiple reports by Austin;

    c.   Failed to discipline Goodwin and other responsible employees;

    d.   Failed to take any steps to ensure that future physical assaults upon Williams would not occur.

**ANSWER:**   Denied.

58.   Notwithstanding Austin's report to the Board, the Board intentionally

ignored the tortious conduct that was committed by Goodwin and other Board

employees, as described more fully above, when the Board failed to warn, suspend, or

otherwise discipline Goodwin or other Board employees who had injured Plaintiff

Williams pursuant to the Chicago Public Schools Employee Discipline and Due

Process Policy.

**ANSWER:**    Denied.

59.    The Board failed to investigate Goodwin and other employees who
injured Plaintiff Williams to ensure that they were competent to teach students and
provide a safe and nurturing atmosphere for the students.


**ANSWER:**    Denied.


60.    As a result of the Board's failure, Goodwin was allowed to willfully
and unlawfully issue corporal punishment upon Plaintiff Williams.


**ANSWER:**    Denied.


61.    The Board breached its duty to provide Plaintiff Williams with competent
teachers when Board refused to discipline Goodwin and/or remove Goodwin from
Ninos Heroes for her improper administration of corporal punishment upon Plaintiff.


**ANSWER:**    The Board admits that it did not discipline Goodwin and that it did not

remove her from Ninos Heroes.  The Board denies the remaining allegations of

paragraph 61.


62.    As a result of the Board's failure to exercise reasonable care, Williams has
been hospitalized on several occasions; suffered severe injury to his arm and head,
extensive pain and suffering, severe emotional distress, fear, and humiliation; and was
unable to attend school normally without the fear of being harmed by Goodwin or other

teachers. Williams suffered and continues to suffer adverse physical and emotional effects of Defendants' conduct.

**ANSWER:**   Denied.

WHEREFORE, Defendants respectfully request that Plaintiffs' Amended Complaint be dismissed with prejudice, and that Defendants be awarded fees and costs and all other further relief that the court deems just and appropriate.

Respectfully submitted,

PATRICK J. ROCKS
General Counsel

s/ Sunil Kumar
Sunil Kumar, attorney for Defendants
Assistant General Counsel
Board of Education of the
City of Chicago - Law Department
125 South Clark, 7th Floor
Chicago, Illinois 60603
(773) 553-1700

## CERTIFICATE OF SERVICE

I, Sunil Kumar, an attorney do hereby certify that I caused the attached **Defendants' Answer to Amended Complaint** to be served upon counsel of record *via* CM-ECF E-Filing pursuant to General Order on Electronic Case Filing, Section XI(C), on this 9th day of June, 2008.

s/ Sunil Kumar
Sunil Kumar
Assistant General Counsel
Board of Education of the City of Chicago
125 South Clark Street, Suite 700
Chicago, Illinois 60603
(773) 553-1700