UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOROTHY J. AUSTIN on behalf of her minor child SHAMIR WILLIAMS, | ) ) ) | |
| Plaintiffs, | ) ) | No. 07-CV-06919 |
| vs. | ) ) | Honorable Rebecca R. Pallmeyer |
| GLORIA GOODWIN, CHICAGO BOARD OF EDUCATION | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM APPOINTMENT AND LEAVE TO WITHDRAW AS PLAINTIFFS' COUNSEL

Undersigned counsel, Tarek Ismail, (collectively with Martha Pacold, "Counsel"), was appointed in January to represent plaintiff Dorothy Austin in this litigation concerning injury to her son, Shamir Williams, by the Chicago Board of Education and Gloria Goodwin. Counsel have worked diligently to fulfill their responsibilities to plaintiffs and the Court for the last five months. It is now clear, however, that there is a breakdown in the attorney-client relationship that has made it impossible for Counsel to continue to represent plaintiffs adequately. Counsel respectfully request that the Court grant their motion for relief from appointment and leave to withdraw.

Local Rule 83.38, which governs relief from appointment, provides that appointed counsel "may apply to be relieved of an order of appointment only on the following grounds or on *such other grounds as the appointing judge finds adequate for good cause shown*: . . . (3) *Some personal incompatibility . . . exists between counsel and the party*" (emphasis added). Similarly, Local Rule 83.51.16, governing termination of representation, allows a lawyer to

request permission to withdraw when the client's "conduct renders it unreasonably difficult for the lawyer to carry out the employment effectively," Rule 83.51.16(b)(1)(D), or when "the lawyer reasonably believes that a tribunal will, in a proceeding pending before the tribunal, find the existence of other good cause for withdrawal," Rule 83.51.16(b)(4). *See also* Local Rule 83.51.16, Committee Comment ("Optional Withdrawal") (a lawyer may withdraw "where some personal incompatibility exists between the lawyer and the client").

A breakdown in the attorney-client relationship constitutes good cause for withdrawal. *See, e.g.*, *Pedraza v. Alameda Unified School Dist.*, No. C-05-04977 VRW, 2008 WL 482846, at *2 (N.D. Cal. Feb. 19, 2008) (finding good cause for withdrawal where it was "evident that [the attorney-client] relationship ha[d] degenerated to the point that it would be extremely difficult for [the attorney] to carry out further representation effectively"); 7A C.J.S. Attorney & Client § 268 (2008) ("Usually, the attorney is justified in withdrawing on account of any conduct on the part of the client . . . which tends to degrade or humiliate the attorney, or destroy the reciprocal confidence required between attorney and client.") (footnotes citing cases omitted).

Counsel are mindful of the rule that "[a] lawyer shall not seek . . . to resign from appointment by a tribunal to represent a person except for good cause." Local Rule 83.56.1. Counsel take their responsibilities pursuant to this appointment seriously and have worked diligently to advance this case on plaintiffs' behalf. Counsel filed an amended complaint, met with Ms. Austin and discussed the case with her on numerous occasions, gathered facts about the case, collected and reviewed relevant medical records, expedited service of the amended complaint on defendants, met with defendants' counsel and prepared a joint discovery plan, and complied with the Court's orders. These efforts were made despite delays caused by problems

affecting service, Ms. Austin's earlier request to substitute counsel, and a recent two-week period in which Counsel were unable to contact Ms. Austin.

Throughout the process, Counsel have strived to maintain a good attorney-client relationship with Ms. Austin. Despite Counsel's best efforts, the relationship has steadily disintegrated. Without disclosing the substance of any attorney-client privileged discussions, Ms. Austin has on several occasions requested new attorneys and has expressed her desire to seek other representation. In so doing, Ms. Austin has expressed deep distrust of appointed Counsel and has accused Counsel of being part of a "conspiracy" operating against her. Because Ms. Austin had expressed an interest in continuing the case and had not yet retained substitute representation, Counsel have attempted to continue representing plaintiffs in this action.

But the tone of the interactions has deteriorated to the point now where there is a breakdown in the attorney-client relationship. Again, without disclosing the substance of the communications, it is fair to characterize Ms. Austin's communications as increasingly hostile. Her behavior has swung between aggressive, threatening comments and expletive-laced verbal abuse on the one hand and a two-week period when Counsel could not reach her by phone or mail on the other.

Ms. Austin clearly wants new representation and her actions have destroyed the mutual trust necessary to the attorney-client relationship and constitute good cause for withdrawal and relief from appointment. "Where the client has caused a total breakdown in the attorney-client relationship, the attorney has good cause to withdraw from the case, such as where the client has expressed dissatisfaction with his or her attorney's representation . . . , or where the client has disappeared or will not make an appearance in court, or where counsel is unable to communicate

with and receive direction from his or her client." 7A C.J.S. Attorney & Client § 268 (footnotes citing cases omitted). "Similarly, an attorney has cause to withdraw if his or her client dictates legal strategies to counsel . . . , or if the attorney cannot comply with his or her client's instructions and the client becomes hostile towards the attorney. A client's total failure to cooperate with the attorney is sufficient good cause to allow the attorney to discontinue representing him or her." *Id.* (footnotes citing cases omitted).

The attorney-client relationship has deteriorated to the point where counsel cannot adequately represent plaintiffs. Counsel respectfully request that the Court grant their motion for relief from appointment and leave to withdraw and award any other such relief the Court may deem appropriate.

June 19, 2008                                               Respectfully submitted,

 

                                                   /s Tarek Ismail
Tarek Ismail
Martha Pacold
BARTLIT BECK HERMAN PALENCHAR
   & SCOTT LLP
54 West Hubbard, Suite 300
Chicago, Illinois 60610
Telephone:   (312) 494-4400
Facsimile:    (312) 494-4440

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that in accordance with FED. R. CIV. P. 5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following documents:

**NOTICE OF MOTION**

**MOTION FOR RELIEF FROM APPOINTMENT AND LEAVE TO WITHDRAW AS PLAINTIFFS' COUNSEL**

**MEMORANDUM IN SUPPORT OF MOTION FOR RELIEF FROM APPOINTMENT AND LEAVE TO WITHDRAW AS PLAINTIFFS' COUNSEL**

**STATEMENT REGARDING REPORT OF PARTIES' PLANNING MEETING**

were served pursuant to the district court's ECF system as to ECF filers, if any, and were sent by overnight mail on June 19, 2008, to any non-ECF filers.

>Dorothy J. Austin
>Shamir Williams
>8107 S. Escanaba Ave.
>Chicago, IL 60617
>Plaintiffs

>Patrick J. Rocks, Jr.
>Susan Margaret O'Keefe
>Sunil Kumar
>Board of Education of the City of Chicago
>Law Department
>125 South Clark Street, Suite 700
>Chicago, IL 60603

>     /s Tarek Ismail
>Tarek Ismail